O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CRISTOBAL PEREZ,                      )    NO. CV 08-1746-MAN
                                      )
                Plaintiff,            )
                                      )    MEMORANDUM OPINION
         v.                           )
                                      )    AND ORDER
MICHAEL J. ASTRUE,                    )
Commissioner Social Security,         )
                                      )
                Defendant.            )
_____)

     Plaintiff filed a Complaint on March 18, 2008, seeking review of
the denial by the Social Security Commissioner ("Commissioner") of
plaintiff's application for supplemental security income ("SSI").  On
April 17, 2008, the parties consented to proceed before the undersigned
United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  The
parties filed a Joint Stipulation on October 23, 2008, in which:
plaintiff seeks an order reversing the Commissioner's decision and
awarding benefits or, in the alternative, remanding the matter for
further proceedings; and defendant seeks an order affirming the
Commissioner's decision.  The Court has taken the parties' Joint
Stipulation under submission without oral argument.

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On June 28, 2005, plaintiff filed an application for SSI, alleging an inability to work since April 1, 2004, due to avascular necrosis of the right hip and depression.[1] (Administrative Record ("A.R.") 22, 89-94, 96.)  Plaintiff, who has a high school education obtained in El Salvador, has work experience as a dishwasher, cook, field worker, janitor, and laborer.  (A.R. 21, 52, 61-62, 97, 114, 125.)

On November 2, 2005, after his application was denied initially, plaintiff requested a hearing on his claim. (A.R. 74, 81-85.)  On June 26, 2006, plaintiff, who was represented by counsel and aided by a Spanish language interpreter, testified at a hearing before Administrative Law Judge Jan Dansbach ("ALJ Dansbach").  (A.R. 39-56.) ALJ Dansbach retired before issuing a decision on plaintiff's case. (A.R. 61.)  Accordingly, on December 20, 2006, plaintiff, who again was represented by counsel and aided by a Spanish language interpreter, testified at a supplemental hearing before Administrative Law Judge Robert A. Evans ("ALJ").  (A.R. 57-72.)  On January 18, 2007, the ALJ denied plaintiff's claim, and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 4-8, 21-26.)

///

///

---

[1]    Avascular necrosis is "death of bone tissue due to a lack of blood supply.  This can lead to tiny breaks in the bone and the bone's eventual collapse.  Avascular necrosis most often affects the head of the thighbone (femur), causing hip pain."  Mayo Clinic, Definition of Avascular Necrosis (January 30, 2008), available at http://www.mayoclinic.com/health/avascular-necrosis/DS00650. A "doctor might use other terms to describe avascular necrosis, such as osteonecrosis, aseptic necrosis or ischemic bone necrosis."  *Id.*

2

**SUMMARY OF ADMINISTRATIVE DECISION**

In his written decision, the ALJ found that plaintiff, who was 43 years old at the time of the hearing, has not engaged in substantial gainful activity since June 28, 2005.  (A.R. 25.)  The ALJ determined that plaintiff suffers from "degenerative joint disease of the left hip and depression, NOS," but "does not have a severe mental impairment." (*Id.*)  The ALJ further found that plaintiff has the residual functional capacity to:  "perform medium exertion with occasional climbing, balancing, kneeling, stooping, crouching, crawling, working at heights, or operating machinery.  He also has mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace with no episodes of decompensation, each of extended duration." (*Id.*)

Based on the ALJ's residual functional capacity assessment and the testimony of a vocational expert, the ALJ found that plaintiff was not able to perform his past relevant work, but could perform jobs, such as a hand-packager, that exist in significant numbers in the national economy.  (A.R. 25)  Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act during the time period in issue.  (A.R. 26.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  <u>Orn v. Astrue</u>, 495

1   F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant
2   evidence as a reasonable mind might accept as adequate to support a
3   conclusion.'"  *Id.* (citation omitted).  The "evidence must be more than
4   a mere scintilla but not necessarily a preponderance." Connett v.
5   Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  While inferences from the
6   record can constitute substantial evidence, only those "'reasonably drawn
7   from the record'" will suffice.  Widmark v. Barnhart, 454 F.3d 1063, 1066
8   (9th Cir. 2006)(citation omitted).
9
10      Although this Court cannot substitute its discretion for that of the
11  Commissioner, the Court nonetheless must review the record as a whole,
12  "weighing both the evidence that supports and the evidence that detracts
13  from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and
14  Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v.
15  Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for
16  determining credibility, resolving conflicts in medical testimony, and
17  for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40
18  (9th Cir. 1995).
19
20      The Court will uphold the Commissioner's decision when the evidence
21  is susceptible to more than one rational interpretation.  Burch v.
22  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may
23  review only the reasons stated by the ALJ in his decision "and may not
24  affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d
25  at 630; *see also* Connett, 340 F.3d at 874.  The Court will not reverse
26  the Commissioner's decision if it is based on harmless error, which
27  exists only when it is "clear from the record that an ALJ's error was
28  'inconsequential to the ultimate nondisability determination.'" Robbins

4

1   v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* Stout v.
2   Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006)); *see also* Burch, 400 F.3d
3   at 679.

5                                **DISCUSSION**

7        Plaintiff raises a single issue:  whether the ALJ properly
8   considered plaintiff's treating physician's opinion. (Joint Stipulation
9   ("Joint Stip.") at 4.)

11  **I.   The ALJ Failed To Provide A Legitimate Reason For Disregarding The**
12       **Opinion Of Plaintiff's Treating Physician.**

14       A treating physician's conclusions "must be given substantial
15  weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Generally,
16  a treating physician's opinion is given greater weight, because "'he is
17  employed to cure and has a greater opportunity to know and observe the
18  patient as an individual.'" Magallanes v. Brown, 881 F.2d 747, 751 (9th
19  Cir. 1989)(citation omitted).  If a treating physician's opinion is
20  "well-supported by medically-acceptable clinical and laboratory
21  diagnostic techniques and is not inconsistent with the other substantial
22  evidence in [the] case record, [the Commissioner] will give it
23  controlling weight." 20 C.F.R. § 416.927(d)(2).  Even where the treating
24  physician's opinions are contradicted, "if the ALJ wishes to disregard
25  the opinion[s] of the treating physician he . . . must make findings
26  setting forth specific, legitimate reasons for doing so that are based
27  on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643,
28  647 (9th Cir. 1987); *see also* McAllister v. Sullivan, 888 F.2d 599, 602

                                     5

1  (9th Cir. 1989)("broad and vague" reasons for rejecting the treating

2  physician's opinion do not suffice).

3

4  In the instant case, the ALJ rejected the opinion of plaintiff's

5  treating physician, Terie Lee, M.D. (A.R. 23.)  The ALJ provided one

6  reason for his rejection of Dr. Lee's opinion, namely that "[i]t appears

7  that [Dr. Lee] based his assessment merely on [plaintiff's] subjective

8  complaints without any independent judgment." (*Id*.)  The ALJ's single

9  articulated reason mischaracterizes the record and is not a legitimate

10 reason for rejecting Dr. Lee's opinion.

11

12 A review of the record reveals that Dr. Lee saw plaintiff every two

13 months from July 2005, through at least July 2006. (A.R. 231.)  In a

14 July 7, 2006 Physical Residual Functional Capacity Questionnaire (the

15 "Questionnaire"), Dr. Lee diagnosed plaintiff with bilateral avascular

16 necrosis of the hip, depression, and rule out obstructive sleep apnea.

17 (A.R. 231-34.)  In the Questionnaire, Dr. Lee clearly identified clinical

18 findings and objective signs supporting his diagnosis, including the MRI

19 of plaintiff's hip and orthopedic consultations.[2]  (A.R. 231.)  Dr. Lee

20 opined that plaintiff:  could not stand at any one time for more than 15

21 minutes before needing to sit down, walk around, or lie down; could

22

23 [2]    In December 2003, plaintiff began treatment at Martin Luther King
   Medical Center's Orthopaedic Clinic for his bilateral hip problems.
24 (A.R. 148-63, 199-228, 240-46, 249-57.)  On August 6, 2005, an MRI was
   performed on plaintiff's right hip, which revealed:   (1) class A
25 osteonecrosis of the right femoral head; (2) degenerative changes of the
   hips bilaterally; (3) involuting red marrow in the proximal femurs
26 bilaterally; (4) bilateral hip joint effusions. (A.R. 205-06.)  On June
   1, 2006, an orthopedic physician with whom plaintiff treated opined that
27 plaintiff "has been diagnosed with avascular necrosis of his right hip.
   He is a candidate for a right total hip replacement.  The surgery date
28 however has not been determined. [Plaintiff] will follow-up in 3 months
   and may be assigned a surgery date at the time." (A.R. 229.)

stand/walk less than a total of two hours in an eight-hour day; could sit for six hours in an eight-hour day, but would require additional, unscheduled breaks; could not sit for more than five minutes at any one time; could lift less than ten pounds on an occasional basis; could lift 20 pounds; could never climb ladders or stairs, and could rarely twist, stoop/bend, or crouch; and would have difficulty performing repetitive reaching, handling, or fingering. (A.R. 232-34.) Dr. Lee further opined that plaintiff's pain and symptoms frequently interfered with his attention and concentration, and stated that plaintiff's pain complaints were reasonably consistent with his symptoms and functional limitations. (A.R. 232.) Dr. Lee confirmed that plaintiff was awaiting authorization for hip replacement surgery and concluded that plaintiff was "incapable of even 'low stress' work." (A.R. 231-32.)

In his portion of the Joint Stipulation, defendant advances various bases to support the ALJ's rejection of Dr. Lee's opinion. (*See* Joint Stip. at 9-12.) However, a reviewing court cannot affirm the denial of benefits based on a reason not stated or finding not made by the ALJ, and defendant's after-the-fact attempt to supply acceptable bases for the ALJ's decision is unavailing. *See, e.g.*, Connett, 340 F.3d at 874 (noting that a reviewing court is "constrained to review the reasons the ALJ asserts," and an ALJ's decision cannot be affirmed on the basis of evidence he did not discuss); Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001)(an agency decision cannot be affirmed on the basis of a ground that the agency did not invoke in making its decision); *see also* Barbato v. Comm'r of Soc. Sec. Admin., 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996)(remand is appropriate when a decision does not adequately explain how a decision was reached, "[a]nd that is so even if [the

Commissioner] can offer proper post hoc explanations for such unexplained conclusions," because "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council")(citation omitted).

Accordingly, remand is required to allow the ALJ the opportunity to provide legally sufficient reasons for rejecting the opinion of Dr. Lee. On remand, the ALJ also may wish to develop the record further regarding the status of plaintiff's hip replacement surgery.

**II.   Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors.  *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for

further proceedings is appropriate if enhancement of the record would be useful); McAllister, 888 F.2d at 603 (remand appropriate to remedy defects in the record).

Although plaintiff has not challenged the ALJ's conclusion that plaintiff's mental impairment is not severe, the record is replete with references to and diagnoses of depression, and plaintiff is taking medication for depression. (See e.g., A.R. 100, 128, 142, 164-67, 182, 186, 197, 232, 240.)   Even the ALJ notes that plaintiff has been diagnosed with "depression, NOS" and assessed with a GAF of 55. (A.R. 23.)   On remand, the ALJ must consider the impact of all of plaintiff's impairments, whether severe or not, on his ability to engage in and sustain full-time work. See Erickson v. Shalala, 9 F.3d 813, 817 (9th Cir. 1993)(ALJ must consider "all factors" that might have a significant impact on claimant's ability to work); see also 20 C.F.R. § 416.945(e) ("we will consider the limiting effects of all your impairment(s), even those that are not severe").

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for
///
///

9

plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 5, 2009

                                            /s/
                              _____
                                    MARGARET A. NAGLE
                              UNITED STATES MAGISTRATE JUDGE